# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) CRIMINAL NO. 17-CR-131 (JDB) |
| | ) |
| v. | ) |
| | ) **(Conspiracy)** |
| **JUAN R. MCCULLUM** and | ) 22 D.C. Code § 1805a |
| **DORENE BROWNE-LOUIS** | ) |
| Defendants. | ) **(Unlawful Disclosure of a Sexual Image)** |
| | )  22 D.C. Code § 3052 |
| | ) |
| | ) **(Attempted First Degree Unlawful )Publication** |
| | )     **of a Sexual Image)** |
| | )  22 D.C. Code §§ 1803 and 3053 |
| | ) |
| | ) **(Criminal Computer Access to a Protected** |
| | )     **Computer)** |
| | )  18 U.S.C. § 1030(a)(2)(C)) |
| | ) |
| | ) **(Accessory After the Fact)** |
| | )  18 U.S.C. § 3 |

## CRIMINAL INFORMATION

### COUNT ONE – CONSPIRACY TO DISCLOSE SEXUAL IMAGES

The United States Attorney charges that:

1. Juan R. McCullum was employed by U.S. House of Representatives Delegate S.P. ("Delegate S.P.") in her legislative office in Washington, D.C. from April 2015 to June 2016.

2. Dorene Browne-Louis was employed in Delegate S.P.'s office from January 2015 to April 2016 and worked on Delegate S.P.'s campaign in 2014.

3. Between March 2016 and July 2016, in the District of Columbia and elsewhere, Juan R. McCullum and Dorene Browne-Louis, the defendants, did unlawfully, knowingly and willfully combine, conspire, confederate, and agree together to use an electronic mail account in a fictitious name to commit the crime of Unlawful Disclosure of a Sexual Image, to wit: the

1

disclosure of sexual images of Delegate S.P. and her spouse J.B.S., in violation of 22 D.C. Code §§ 1805a, 3052.

4. In furtherance of the conspiracy, the defendants performed the following overt acts, in the District of Columbia and elsewhere:

   a. In or about July 2016, McCullum informed Browne-Louis that he had obtained sexual images[1] and video of Delegate S.P. and her spouse J.B.S. These images and video that had been maintained privately on Delegate S.P.'s iPhone (collectively, in whole, "the Nude Images and Videos"). Both McCullum and Browne-Louis were aware that neither Delegate S.P. nor J.B.S. had authorized the distribution or copying of the Nude Images and Video, and that neither had consented or agreed to having McCullum or Browne-Louis disclosure or publish of these materials.

   b. On or about July 2, 2016, McCullum created a Hotmail email account using the fictitious name "Susan Ricenville" (the "Ricenville Hotmail account"), for the purpose of distributing the Nude Images and Video.

   c. On or about July 2, 2016, for the purpose of distributing the Nude Images and Video, Browne-Louis provided McCullum the email address for the Governor of the district where Delegate S.P.'s Congressional district resides.

   d. On or about July 2, 2016, after Browne-Louis provided the Governor's email address to McCullum, McCullum sent the Nude Images and Videos to multiple persons, including to the email address associated with the Governor. Shortly thereafter, McCullum communicated with Browne-Louis and

---

[1] As this term is defined in 22 D.C. Code § 3051(7).

    informed her that the email he had sent through the Ricenville Hotmail account to the Governor had bounced back as undeliverable. McCullum and Browne-Louis communicated later that day, and shortly thereafter, McCullum sent another email to a different email address for the Governor.

e. Between on or about July 2, 2016 and July 21, 2016, McCullum -- using the Ricenville Hotmail account -- sent at least 11 email messages to multiple persons, including politicians in Delegate S.P.'s Congressional district, members of the media, and other persons known to Delegate S.P. In at least ten of these emails, McCullum attached one or more of the Nude Images and Videos he had taken from Delegate S.P.'s iPhone without Delegate S.P.'s permission or consent.

f. On or about July 8, 2016, for the purpose of distributing the Nude Images and Video, Browne-Louis provided McCullum with contact names and addresses associated with Delegate S.P.'s campaign. McCullum subsequently used this list to contact these persons to further distribute the Nude Images and Videos.

g. Between on or about July 2, 2016 and July 21, 2016, McCullum sent Browne-Louis four email messages from the Ricenville Hotmail account containing derogatory statements about Delegate S.P. and J.B.S., and multiple Nude Images and Videos taken from Delegate S.P.'s iPhone. During this period, Browne-Louis communicated regularly with McCullum and requested that he re-send her the Nude Images and Videos from the Ricenville Hotmail account.

h. Between on or about July 2, 2016 and July 21, 2016, Browne-Louis distributed one sexual image of Delegate S.P. to a person working on the

campaign of Delegate S.P's main challenger in a primary election. That person further distributed the sexual image to a reporter based in Delegate S.P.'s Congressional district.

**(Conspiracy to Unlawfully Disclose a Sexual Image, in violation of Title 22, D.C. Code Section 1805a, and 22 D.C. Code §3052)**

## COUNT TWO – ATTEMPTED FIRST DEGREE UNLAWFUL PUBLICATION OF A SEXUAL IMAGE

5. Between on or about July 15, 2016 and July 22, 2016, within the District of Columbia and elsewhere, defendant Juan R. McCullum did attempt to use an electronic social media platform, that being Facebook, to publish to more than six persons, sexual images, of Delegate S.P., knowing that he did not have permission, agreement, or authorization from Delegate S.P. to possess or distribute the images, and doing so with the intent to cause harm to Delegate S.P.'s employment and reputation.

**(Attempted First Degree Unlawful Publication of a Sexual Image, in violation of Title 22, D.C. Code Section 1803, and 22 D.C. Code §3053)**

## COUNT THREE – CRIMINAL COMPUTER ACCESS TO A PROTECTED COMPUTER (ACCESSING TO VIEW)

6. On or about March 23, 2016, in the District of Columbia and elsewhere, defendant Juan R. McCullum did intentionally, unlawfully, and knowingly exceed his authorized access to a protected computer belonging to Delegate S.P., and by such act accessed and reviewed material on the protected computer that he was not permitted or authorized to access, including Nude Images and Videos of Delegate S.P. and J.B.S.

**(Criminal Computer Access to a Protected Computer, in violation of Title 18, U.S. Code, Section 1030(a)(2)(C))**

## COUNT FOUR – CRIMINAL COMPUTER ACCESS TO A PROTECTED COMPUTER
## (ACCESING TO COPY)

7. On or about March 23, 2016, in the District of Columbia and elsewhere, defendant Juan R. McCullum did intentionally, unlawfully, and knowingly exceed his authorized access to a protected computer belonging to Delegate S.P., and by such act copied and obtained Nude Images and Videos of Delegate S.P. and J.B.S. from the protected computer, that he was not permitted or authorized to receive.

**(Criminal Computer Access to a Protected Computer, in violation of Title 18, U.S. Code, Section 1030(a)(2)(C))**

## COUNT FIVE – ACCESSORY AFTER THE FACT TO CRIMINAL COMPUTER ACCESS TO A PROTECTED COMPUTER

8. Between on or about June, 2016, and December, 2016, in the District of Columbia and elsewhere, defendant Dorene Browne-Louis, knowing an offense against the United States had been committed, to wit, Criminal Computer Access to a Protected Computer, did receive, relieve, comfort, and assist Juan R. McCullum, in order to hinder and prevent the offender's apprehension, trial, and punishment.

**(Accessory After the Fact to Criminal Computer Access to a Protected Computer, in violation of Title 18, U.S. Code, Sections 3, and 1030(a)(2)(C))**

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY

By: _____/s/_____
TEJPAL CHAWLA
D.C. Bar No. 464-012
YOULI LEE
N.Y. Bar No. 4064028
Assistant United States Attorneys
555 Fourth Street, N.W.
Washington, DC 20530
(202) 252-7280 (Chawla)
(202) 252-7705 (Lee)