

**FILED**

**JAN 2 3 2018**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO. 17-CR-131 (JDB) **(01)** |
| | ) |
| v. | ) |
| | ) |
| | ) (Conspiracy) |
| JUAN R. MCCULLUM and | ) 22 D.C. Code § 1805a |
| DORENE BROWNE-LOUIS | ) |
| Defendants. | ) (Unlawful Disclosure of a Sexual Image) |
| | )  22 D.C. Code § 3052 |
| | ) |
| | ) (Attempted First Degree Unlawful Publication |
| | )     of a Sexual Image) |
| | ) 22 D.C. Code §§ 1803 and 3053 |
| | ) |
| | ) (Criminal Computer Access to a Protected |
| | )     Computer) |
| | )  18 U.S.C. § 1030(a)(2)(C)) |
| | ) |
| | ) (Accessory After the Fact) |
| | ) 18 U.S.C. § 3 |

## STATEMENT OF THE OFFENSE

1.      From in or about April 2015 to June 2016, defendant Juan R. McCullum

("McCullum") was employed by U.S. House of Representatives Delegate S.P. ("Delegate S.P.")

in Delegate S.P.'s legislative office in Washington, D.C. ("office"). Defendant Dorene Browne-

Louis ("Browne-Louis") was employed in the same office from in or about January 2015, to

April 2016, and worked on Delegate S.P.'s campaign in 2014.

2.      On or about March 22, 2016, and March 23, 2016, McCullum offered to assist

Delegate S.P. in repairing her malfunctioning password-protected cellular iPhone by taking the

iPhone to a local Apple store. Delegate S.P. agreed and provided her iPhone to McCullum, and,

later, Delegate S.P. provided her password to the device so it could be unlocked by the Apple

store solely for the purpose of having the iPhone repaired.

1

3.      Delegate S.P.'s iPhone contained nude images and videos of both Delegate S.P. and Delegate S.P.'s husband, J.B.S., which Delegate S.P. intended to maintain as private – that is, private sexual images, as that term is defined in 22 D.C. Code § 3051 (collectively, "the Nude Images and Videos").

4.      On March 23, 2016, knowing he was not authorized to do so, McCullum knowingly and intentionally accessed and surreptitiously copied the Nude Images and Videos and kept them for his own use and subsequent distribution.  Delegate S.P. never gave McCullum permission or consent to take, copy, or distribute any information on her iPhone, including the Nude Images and Videos.

5.      On March 23, 2016, as part of accessing, reviewing and obtaining material from Delegate S.P.'s iPhone without authorization, McCullum accessed the device on multiple occasions.  As McCullum was accessing the device but not manipulating the device, the iPhone would routinely lock, and McCullum would reuse the password information to repeatedly unlock Delegate S.P.'s iPhone.  As part of this process, McCullum acknowledges that (1) he input the iPhone password to access the Delegate S.P's iPhone in order to review material on it, including the Nude Images and Videos of Delegate S.P. and J.B.S., and (2) he later input the iPhone password to access the Delegate S.P's iPhone in order to copy images and material from it, including the Nude Images and Videos of Delegate S.P. and J.B.S.

6.      Browne-Louis left the employ of Delegate S.P. in or about April 2016.

7.      In or about June 2016, McCullum left the employ of Delegate S.P.  When McCullum left Delegate S.P.'s employment, he did not tell Delegate S.P. that he had improperly accessed her iPhone or stolen the Nude Images and Videos from her iPhone.

8.      Browne-Louis and McCullum became friends through Delegate S.P.'s office. Browne-Louis and McCullum remained in contact with each other after they left Delegate S.P.'s employment.

9.      On or after July 2, 2016, McCullum made Browne-Louis aware that he was in possession several Nude Images and Videos of Delegate S.P. and J.B.S.  Browne-Louis was later made aware that McCullum had obtained the Nude Images and Videos of Delegate S.P. and J.B.S. from Delegate S.P.'s device.

10.     On July 2, 2016, McCullum created a Hotmail email account using the fictitious name "Susan Ricenville" (the "Ricenville Hotmail account").  From July 2, 2016, to July 21, 2016, McCullum – using the Ricenville Hotmail account – sent at least 11 email messages to multiple persons, including politicians in Delegate S.P.'s Congressional district, members of the media, and other persons known to Delegate S.P.  In at least ten of these emails, McCullum attached one or more of the Nude Images and Videos he had taken from Delegate S.P.'s iPhone without Delegate S.P.'s permission or consent.  During that period, McCullum accessed the Ricenville Hotmail account regularly, using his cellular phone and computer, while in the state of Mississippi and the District of Columbia.  A number of the emails sent by McCullum from the Ricenville Hotmail containing the Nude Images and Videos were sent directly to Browne-Louis' email account.  The material distributed by McCullum using the Ricenville Hotmail account contained private sexual images of Delegate S.P. and J.B.S., as that term is defined in 22 D.C. Code §3051.

11.     Browne-Louis was aware that McCullum had distributed certain of the Nude Images and Video from the Ricenville Hotmail account, and she provided McCullum email addresses which were used to distribute the images even further, including the email address for

the sitting Governor for the district where Delegate S.P.'s Congressional district is located. During this period, McCullum sent Browne-Louis four email messages from the Susan Ricenville Hotmail account containing derogatory statements about Delegate S.P. and J.B.S., and attached to three of these emails were several of the Nude Images and Videos taken from Delegate S.P.'s iPhone. McCullum also sent text messages from his cellular phone to Browne-Louis's cellular phone before and after he sent email messages containing several of the Nude Images and Videos to Browne-Louis from the Susan Ricenville Hotmail account.

12.     Between on or about July 2, 2016 and July 21, 2016, Browne-Louis also distributed one sexual image of Delegate S.P., that is, one of the Nude Images and Video, to a person working on the campaign of Delegate S.P's main challenger in the primary election. That person distributed the sexual image to a reporter based in Delegate S.P.'s Congressional district, but the image was not published. This image was a private sexual image of Delegate S.P. as that term is defined in 22 D.C. Code §3051.

13.     On or about July 17, 2016, McCullum created a Facebook account using the fictitious name "Susan Ricenville" (the "Ricenville Facebook account"). Between on or about July 17, 2016 and July 21, 2016, McCullum used the Ricenville Facebook account to pretend to be a local resident from Delegate S.P.'s district, thereby "friending" numerous other Facebook accounts, including the Facebook accounts of politicians in Delegate S.P.'s Congressional district and politicians who were competing with Delegate S.P. in the primary election (held on August 6, 2016), and the general election.

14.     During this period, Browne-Louis provided McCullum with confidential Delegate S.P. campaign documents that identified key supporters of Delegate S.P. in her Congressional

4

district. McCullum "friended" persons close to Delegate S.P. through the Ricenville Facebook account.

15.    Starting on or about July 20, 2017, McCullum uploaded several of the Nude Images and Videos taken from Delegate S.P.'s iPhone to the Ricenville Facebook account profile page. McCullum then used the Ricenville Facebook account to widely distribute several of the Nude Images and Videos via Facebook private messages and posts. The Nude Images and Videos distributed by McCullum through Ricenville Facebook account included images of both Delegate S.P. and J.B.S. that were not distributed by the Ricenville Hotmail account.

16.    McCullum also used the Ricenville Facebook account to post several Nude Images and Videos taken from Delegate S.P.'s iPhone onto at least one well-known public Facebook group with thousands of members that promotes activities and news related to Delegate S.P.'s Congressional district.

17.    McCullum also encouraged others on Facebook to redistribute the Nude images and Videos he had posted on Facebook to other people in Delegate S.P.'s Congressional district.

18.    During this period, McCullum accessed the Ricenville Facebook account regularly, using his cellular phone and computer while in the District of Columbia. The material distributed by McCullum using the Ricenville Facebook account contained private sexual images of Delegate S.P. and J.B.S., as that term is defined in 22 D.C. Code §3051.

19.    While posting these images on Facebook, McCullum communicated his activity to Browne-Louis. For example, on or about July 20, 2016, prior to any news reports about Delegate S.P., McCullum sent Browne-Louis a text message with an attachment of an image containing the Facebook "feed" of person who had received certain of the Nude Images and Videos distributed through the "Ricenville" Facebook account. The Facebook feed discussed but

did not identify Delegate S.P. by name. The two then had the following text message

conversation:

| | |
|---|---|
| Browne-Louis: | Awww, but no name. |
| McCullum: | Yeah – it's coming.... All brewing |
| Browne-Louis: | Awww. |
| McCullum: | Susan Ricenville has made many a friends on FB [see no evil monkey emoji] [speak no evil emoji] |
| Brown-Louis: | [hear no evil monkey emoji] |
| McCullum: | Lol |

20.    McCullum intended to distribute, and did distribute, several of the Nude Images

and Video, of both Delegate S.P. and J.B.S., which images he had stolen from Delegate S.P.'s

iPhone, to more than six persons through his posts using the Ricenville Facebook account,

among other means. McCullum did not have the permission, consent, or agreement from

Delegate S.P. or J.B.S. to possess or distribute these images. McCullum also distributed one or

more Nude Images and Video of both Delegate S.P. and J.B.S. using the private Facebook

messenger application.

21.    McCullum distributed the Nude Images and Video of Delegate S.P. and J.B.S. to

cause them harm to their reputations, and to harm Delegate S.P.'s employment and re-election.

Browne-Louis was also aware that her conduct and assistance to McCullum would cause harm to

the reputations of Delegate S.P. and J.B.S., and to Delegate S.P.'s employment and re-election.

Through the actions set forth above, and otherwise, McCullum and Browne-Louis knowingly

and willfully published, disclosed, and distributed the Nude Images and Video of Delegate S.P.

and J.B.S. knowing that they did not have the permission, consent, or agreement from Delegate

S.P. or J.B.S., with the knowledge that their actions would likely cause harm toDelegate S.P. and

J.B.S.


## Defendant's Agreement

After consulting with my attorney(s), and pursuant to the plea agreement entered into

between me, Juan D. McCullum and the United States Attorney's Office for the District of

Columbia, I hereby state and agree that the foregoing Statement of Facts is true and accurate.  No

one has forced or compelled me to agree to this Statement of Facts.  I have agreed to this

Statement of Facts because the facts set forth above are true and accurate to the best of my

knowledge.

1/18/18
Date

Juan D. McCullum
Defendant


## Attorney's Acknowledgment

I am Juan D. McCullum's attorney.  I have carefully reviewed the foregoing Statement of

Facts with her.   To my knowledge, his decision to stipulate and agree to these facts is an

informed and voluntary one.

1/18/18
Date

Danny Onorato, Esq.
Stuart Sears, Esq.
Counsel for the Defendant

7