UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Crim. No. 1:17-CR-00131-JDB |
| JUAN R. MCCULLUM ) | |
| ) | |
| Defendant. ) | Sentencing: March 8, 2018 |
| ) | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

On January 23, 2018, defendant Juan R. McCullum pled guilty before this Court to a superseding information charging him with four misdemeanor offenses, Conspiracy to Unlawfully Disclose a Sexual Image in violation of 22 D.C. Code § 1805a and 3052, Attempted First Degree Unlawful Publication of a Sexual Image 22 D.C. Code § 3052 and 3053 and two counts of Criminal Computer Access to a Protected Computer in violation of 18 U.S.C. § 1030(a)(2)(C)).

Mr. McCullum entered his guilty plea pursuant to Rule 11(C)(1) of the Federal Rules of Criminal Procedure wherein the parties agreed, *inter alia*, that he would be sentenced to a period of one-year and one-day of incarceration on Counts 3 and 4, followed by a two-year period of supervised probation for Counts 1 and 2 with 180 days of imprisonment suspended for each of those counts. Through this Memorandum in Aid of Sentencing, Mr. McCullum respectfully requests the Court to accept the parties' agreement in this case.

As discussed below, Mr. McCullum is 36 years old. He has lived an exemplary life and has accomplished very much professionally prior to the instant offense. He graduated from law school and had a promising career working for members of Congress in the United States House of Representatives. His reckless conduct not only ruined his career, but it also had regrettable

consequences to the complaining witnesses in this case. Mr. McCullum is deeply remorseful for the embarrassment and harm that he caused. By pleading guilty, Mr. McCullum has accepted responsibility and shown tremendous remorse.

We respectfully submit that, considering the circumstances of Mr. McCullum's crime, the history and personal characteristics of Mr. McCullum, a sentence of a year and a day followed by two years of probation with suspended jail time is "sufficient, but not greater than necessary" to achieve all the goals of federal sentencing. 18 U.S.C. § 3553(a).

I. **THE ADVISORY SENTENCING GUIDELINES RANGE**

Mr. McCullum agrees with the government's conclusion that his advisory Sentencing Guidelines range, however calculated, is in line with the agreed upon sentence in this case. The Presentence Investigation Report ("PIR") reflects an adjusted offense level of 9, which would result in a sentence of 4 to 10 months of imprisonment. The agreement negotiated by the parties results in adjusted offense level of 10 to 16 months. Mr. McCullum respectfully defers to the Court on resolution of the guidelines discrepancy. He agrees to be bound by the terms of the plea agreement.

II. **THE 18 U.S.C. § 3553 FACTORS**

After the advisory Guidelines range is determined and considered, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and "impose a sentence sufficient, but not greater than necessary" to comply with four purposes of sentencing. Those four purposes are the need for the sentence imposed: (1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (2) to afford adequate deterrence to criminal conduct; (3) to protect the public from further crimes of the defendant; and (4) to provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. §

2

3553(a)(2).  In addition, the Court must consider the following factors in imposing sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (4) the need to provide restitution to any victim(s).  18 U.S.C. § 3553(a)(1)-(7).  For the reasons that follow, a sentence of one year and one day is "sufficient, but not greater than necessary" to serve the purposes of federal sentencing in the circumstances of this case.

    A.    *The Nature and Circumstances of Mr. McCullum's Offense*

As detailed in the Statement of Offense and PIR, Mr. McCullum's offense occurred between March of 2016 and July of 2016.  Regrettably, this matter arises because Mr. McCullum was asked to assist the Congresswoman by having a cellular telephone repaired.  Once he had access to the device, he began snooping on the device and found a number of private photographs and materials that were not meant for anyone else to see.  Mr. McCullum impulsively accessed the phone a number of times the day he obtained the phone without authorization and sent that private material to himself.

After Mr. McCullum left his job in the summer of 2016, he made the decision to email this private material to a number of people in the Congresswoman's home district.  He also posted the material on social media.  He knew that this material would be received negatively in the Congresswoman's home district.  He deeply regrets the embarrassment that it caused the Congresswoman and her family and has entered this plea agreement to atone for his conduct.

Mr. McCullum understands that he needs to be punished for his wrongdoing and asks the Court to adopt the resolution that the parties have all agreed upon.

B.     *The History and Characteristics of Mr. McCullum*

Mr. McCullum's personal history and characteristics also fully support a sentence of probation. Mr. McCullum was born on November 6, 1981, in Chicago, Illinois and was raised in Mississippi. He was raised by the maternal side of his family, having had no relationship with his biological father. The bond between Mr. McCullum and his mother is extremely strong. He still attends church with her and he spends as much time as possible with extended family in Mississippi.

Mr. McCullum graduated from Mississippi State University and earned a Master's degree in Public Police. He also earned a law degree from Mississippi College of Law in 2009. He has an impressive work history starting out in municipal government in Mississippi. He next worked as a vice president of student affairs at Alcorn State University before moving to Washington, D.C. Mr. McCullum was employed on Capitol Hill in a variety of positions for members of Congress. Understandably, he lost his last Congressional job based upon the instant offense.

Mr. McCullum maintains steady support from the community despite his actions in this case. Indeed, people who know him best, written letters to the Court to provide insight into his character. *See* Letters Attached as Exhibit A.

Pastor Randy Leflore of the Friendship Baptist Church in Jackson, Mississippi has known Juan McCullum since the family joined the church in 1996. In his letter to the Court, Pastor Leflore explains Mr. McCullum's passion for and dedication to his church community. In fact, Pastor Leflore states that despite living in Washington, D.C., Mr. McCullum continues to be an active

participant in the church community. Pastor Leflore describes the significant amount of time that Mr. McCullum has dedicated to the church throughout the past 22 years in the form of organizing and planning church programs, community outreach activities and mission trips. Mr. McCullum's long-standing relationship with the church and its members are said by Pastor Leflore to reflect his passion for volunteerism, community engagement and integrity as well as his commitment to his faith. Pastor Leflore was surprised to learn that Mr. McCullum had engaged in the actions that brought him before this Court but believes that Mr. McCullum's actions were an aberration.

Roger Jenkins has known Mr. McCullum in both a personal and professional capacity for seven years. The two met through the Student Affairs Administrators in Higher Education (NAPSA) program during Mr. McCullum's graduate matriculation. Mr. Jenkins describes Mr. McCullum as hard working, determined and dedicated. Mr. Jenkins further articulates that he believes Mr. McCullum's actions to be out of character and unlikely to ever occur again.

Cheryl E. Ponder describes Juan McCullum as an honest, dependable and fair man, one who works with integrity and strives to serve others by leading a life of public service. Ms. Ponder first met Mr. McCullum in a professional capacity as his supervisor during her tenure as Alcorn State University's Vice President of Student Affairs but over the years has come to regard Mr. McCullum as a close friend. She recollects being immediately impressed by his respectfulness and dedication to his family and hometown. She also found Mr. McCullum to be a reliable employee that is willing to put in extra time to help others. He became known as the office's "go-to" man and was quickly recruited by Ms. Ponder to be her Assistant Vice President for Student Affairs.

We respectfully submit that Mr. McCullum's offense is clearly an aberration in an otherwise productive and upstanding life that has been defined by hard work and commitment to

family.  We respectfully submit that Mr. McCullum's personal history and characteristics strongly support the sentence proposed by the parties.

      C.     *The Purposes of Federal Sentencing*

As previously noted, Congress has identified four purposes of federal sentencing that must guide district courts in selecting a sentence within the statutory penalty range.  We respectfully submit that a sentence of probation is "sufficient, but not greater than necessary" to achieve all of the purposes of federal sentencing in the circumstances of this case.

The first purpose of federal sentencing is "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  18 U.S.C. § 3553(a)(2)(A).  Mr. McCullum has forever tarnished his name and reputation within his professional and social community.  For Mr. McCullum, who has worked extremely hard to establish himself as an upstanding and productive staffer on Capitol Hill.  He has ruined his career while causing his former mentor great pain and embarrassment.  He understands that he must be punished.

The second purpose of federal sentencing is "to afford adequate deterrence to criminal conduct."  18 U.S.C. § 3553(a)(2)(B).  Mr. McCullum is as deterred from future criminal activity as any individual conceivably could be.   A sentence of incarceration will have a proper deterrent effect.  Second, as for the public at large, the resolution of this case also sends a strong message of deterrence.  The publicity that Mr. McCullum's prosecution has generated certainly has sent a message of deterrence to the community at large.

The third purpose of federal sentencing is "to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(2)(C).  Mr. McCullum has emphatically learned his conduct and

will not reoffend. Mr. McCullum's personal history and characteristics should leave the Court with full confidence that he presents no danger of reoffending.

The fourth purpose of federal sentencing is to provide the defendant with needed training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a)(2)(D). We respectfully submit that Mr. McCullum has no such treatment or training needs. He has been an upstanding and productive citizen for his entire life. Mr. McCullum has learned a very difficult lesson from the errors he made and the harm that he caused. He has accepted responsibility and feels genuine, heartfelt remorse. PIR ¶ 40. We respectfully submit that, in the context of this case and this defendant, a sentence of one year and one day confinement would serve correctional and societal purpose.

## CONCLUSION

In conclusion, Mr. McCullum stands before the Court with sincere remorse and humility. He jeopardized his reputation and has ruined his career. He wishes to apologize to the Congresswoman and her family and asks the Court to conclude that the proposed sentence is "sufficient, but not greater than necessary" to comply with all the purposes of federal sentencing.

Date:  March 2, 2018                         Respectfully submitted,

/s/ Danny Onorato
Danny C. Onorato (DC Bar No. 367203)
Schertler & Onorato, LLP
1101 Pennsylvania Avenue, N.W.,
Suite 1150
Washington, DC 20004
Telephone:  (202) 628-4199
Facsimile:  (202) 628-4177
Donorato@schertlerler.com

*Counsel for Defendant Juan R. McCullum*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification to the registered participants as identified on the Notice of Electronic Filing.

/s/ Danny Onorato
Danny C. Onorato (DC Bar No. 367203)
Schertler & Onorato, LLP
1101 Pennsylvania Avenue, N.W.
Suite 1150
Washington, DC 20004
Telephone:  (202) 628-4199
Facsimile:  (202) 628-4177
Donorato@schertlerler.com

*Counsel for Defendant Juan R. McCullum*